SCHOTT, Judge.
This suit arose out of a plumbing subcontract between plaintiff, Higgins Plumbing, Inc., the subcontractor, and defendant, Castle Construction Company of New Orleans, Inc., the contractor. From a judgment in plaintiff’s favor against Castle and its code-fendant, the owner, Stanley J. Weber, Jr., they have appealed.
The factual dispute was over the amount of the contract price between Higgins and Castle for the work to be performed by Higgins. According to Higgins, the price was to be $9,000 and Castle, $7,000. It is undisputed that Higgins was to receive an additional $2,000 over the contract price for excavation on the job. The only error specified by Castle and Weber in this court is that plaintiff failed to carry its burden of proof under LSA C.C. Art. 2277 which requires that proof of an oral contract in excess of $500 must consist of at least one credible witness and other corroborating circumstances.
Mr. and Mrs. Higgins both testified that several months prior to the commencement of the project they had offered to do the plumbing work for about $7500. However, when they were recontacted by Castle shortly before commencement of the work the plans had been changed and they agreed with Castle to do the work for $9,000. At this point no one contemplated that the plumbing contract would include any excavation. Thereafter, the parties agreed that Higgins would be paid an additional $2,000 for excavation.
On April 26, 1977, Higgins rendered an invoice to Castle, itemized to show 53.3% of $9,000 as the contract price or $4797 plus a charge for digging sewer and water lines $2,000, or balance due of $6,797. This bill was paid on May 5. On June 14, 1977, Higgins rendered a second invoice showing 77% of the contract price of $9,000, or $6,930, less a credit for $4,797, leaving a balance due of $2,133. This was paid on June 29, 1977. On October 25, a third billing was rendered for 97% of the contract price of $9,000, or $8,730, less credits totaling $6,930, leaving a balance due of $1800. This is the amount which was in dispute since the balance of 3% of the $9,000 was paid at some point and is not in dispute.
The trial judge heard conflicting testimony between the Higgins and Jesse Powers of Castle as to whether the contract price, exclusive of excavation, was $7,000 or $9,000 and he resolved this conflict of testimony in favor of the Higgins. There is no basis for a reversal of this finding by this court.
*919 The requirements of C.C. Art. 2277 were met by the testimony of Mr. and Mrs. Higgins being the credible witnesses, and the invoices and payments made by Castle constituting corroborating circumstances.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.